KRATENSTEIN v. WEISS.

(Supreme Court, Appellate Division, Second Department.   May 26, 1910.)

CANCELLATION OF INSTRUMENTS (§ 15*)—JURISDICTION—REMEDY AT LAW.
     Where a will vested title subject to a widow's rights in the children, subject to be defeated as to each by his death before the widow, and to then vest in his heirs in his stead, where the widow and children unite in conveying the land without fraud, mutual mistake, or failure of consideration, the grantee has no ground for equitable relief; but his remedy is upon the covenants in the deed, and, where the widow and children are still living, is at most to recover nominal damages for breach of covenant of seisin.

     [Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 14, 21; Dec. Dig. § 15.*]

Appeal from Special Term, Kings County.

Action by Lena Kratenstein against Lena Weiss.  From a judgment in favor of defendant, plaintiff appeals.   Affirmed.

The following is the opinion of Marean, J., at Special Term:

Under the will in question the title, subject to the widow's rights, vested in the children, share and share alike, subject to be defeated as to each by his death before the widow, and to then vest in his heirs in his stead.  The widow is still living, and has not married, and the children are all living.  The widow and the children have conveyed, and the title thus made was conveyed by defendant to plaintiff.  There is no fraud alleged, and no mutual mistake, and no proof of either.  There is, therefore, no ground for rescission.

There is no total failure of consideration.  The whole fee is at present vested in the plaintiff, subject to be divested, as above stated, upon the happening of certain contingencies, which may never happen.  The plaintiff is in undisturbed possession at present.  No estate whatever is vested in any person adverse to the plaintiff.  Plaintiff has no remedy, except upon the covenants in the deed.  None of them have been broken.  If the covenant of seisin were broken, the damages at present are nominal only; but the action is not framed for a recovery of damages for breach of covenants, and plaintiff has no ground for equitable relief.

Judgment for defendant, with costs.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

Abraham B. Schliemer, for appellant.
Adolph Kiendl, for respondent.

PER CURIAM.  Judgment affirmed, with costs, on the opinion of Mr. Justice Marean at Special Term.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes